**SO ORDERED.**

**SIGNED this 09 day of March, 2010.**



_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| MICHAEL GEORGE MYERS | 08-08353-8-RDD |
| DEBTOR | |
| | |
| MICHAEL GEORGE MYERS | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | H-08-00256-8-AP |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER ALLOWING MOTION FOR SUMMARY JUDGMENT**

The matter before the court in this adversary proceeding is the motion of the defendant, Educational Credit Management Corporation ("ECMC") for summary judgment. A hearing took place in Raleigh, North Carolina on March 2, 2010. For the reasons that follow, summary judgment will be granted in favor of ECMC.

Background

Michael George Myers filed a petition for relief under chapter 7 of the Bankruptcy Code on November 24, 2008. On December 8, 2008, Mr. Myers filed, without the assistance of counsel, the complaint in this adversary proceeding, seeking a discharge of his student loan obligations to ECMC. Based upon the pleadings, interrogatories, and admissions, ECMC seeks summary judgment, contending that there are no genuine issues of material fact and judgment should be entered as a matter of law. ECMC filed its motion for summary judgment and supporting memorandum on December 1, 2009. Mr. Myers did not file a response, affidavit, or other materials in opposition to the motion.[1]

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I), which this court may hear and determine.

The student loan debt at issue arose in connection with Mr. Myers' studies at East Carolina University between 1989 and 1994. Complaint at ¶ 2-3; Schedule F. ECMC is the assignee of Mr. Myers' student loans, which total $38,485 as of the petition date. Response at ¶ 2. Mr. Myers asserts that he is unable to earn sufficient income to repay his student loans because he was diagnosed with a condition known as Idiopathic Hypersomnolence in 2004. According to Mr.

---

[1] In light of Mr. Myers' pro se status, the court allowed him to testify at the hearing as to the matters that he might have attested to in an affidavit pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

Myers, the condition causes a deficit of deep sleep, which leads to excessive fatigue and daytime drowsiness, which in turn prevents him from maintaining full time employment. Mr. Myers therefore seeks a discharge of the debt, contending that excepting the loans from discharge will create an undue hardship. ECMC contends that based on Mr. Myers' pleadings and discovery responses, Mr. Myers appears to be a healthy, educated, employable individual, and therefore fails to meet the legal standard for discharge of his student loans.

## Discussion

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. Summary judgment should not be granted "unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982) (internal quotations omitted).

The issue in this matter is whether Mr. Myers' student loan obligations are dischargeable under 11 U.S.C. § 523(a)(8). Section 523(a)(8) provides that "unless excepting such debt from

discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents," the following debts may not be discharged:

> (A)(i) an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> (ii) an obligation to repay funds received as an educational benefit, scholarship or stipend; or
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

11 U.S.C. § 523(a)(8). There is no dispute that the student loans made by the defendant in this adversary proceeding are the type of loans that would be not be discharged if the debtor cannot establish an "undue hardship."

Section 523(a)(8) of the Bankruptcy Code makes it extremely difficult for debtors to discharge student loans. "Debtors receive valuable benefits from congressionally authorized loans, but Congress in turn requires loan recipients to repay them in all but the most dire circumstances." Educational Management Corp. v. Frushour (In re Frushour), 433 F.3d 393, 399 (4th Cir. 2005) (citing Pa. Higher Educ. Assistance Agency v. Faish (In re Faish), 72 F.3d 298, 306 (3d Cir. 1995)). Debtors must show "exceptional circumstances," and must prove that "they are in the *limited class* of debtors for which § 523(a)(8) is meant to allow discharge." Educational Credit Mgmt. Corp. v. Mosko (In re Mosko), 515 F.3d 319, 324 (4th Cir. 2008) (citing Frushour, 433 F.3d at 404) (emphasis added in Mosko). "Congress sought to ensure repayment of educational loans through its use of the term 'undue' and the courts are obligated to follow its imperative." Frushour, 433 F.3d at 396. A "garden-variety hardship" is an "insufficient excuse for a discharge of student loans." Frushour, 433 F.3d at 399 (quoting Rifino v. United States (In re Rifino), 245 F.3d 1083, 1087 (9th Cir. 2001)).

The term "undue hardship," as used in § 523(a)(8), is not defined, but most courts have looked for guidance to the three-part Brunner test developed by the United States Court of Appeals for the Second Circuit more than twenty years ago in Brunner v. New York State Higher Education Services, 831 F.2d 395 (2d Cir. 1987). The Court of Appeals for the Fourth Circuit applies the Brunner test. See Ekenasi v. Education Res. Inst. (In re Ekenasi), 325 F.3d 541 (4th Cir. 2003) (adopting the Brunner test in chapter 13 cases); Frushour, 433 F.3d 393 (adopting the Brunner test in chapter 7 cases). The Brunner test requires debtors to establish, by a preponderance of the evidence, the following factors:

> (1) they cannot maintain, based on current income and expenses, a minimal standard of living for themselves and their dependent[s] if forced to repay the loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of their student loans; and (3) they have made good-faith efforts to repay their student loans.

Mosko, 515 F.3d at 323. A debtor must meet all three of the Brunner standards for the debtor's student loans to be dischargeable.

Mr. Myers fails to meet the first prong of the Brunner test because it appears that he can, based on his current income and expenses, pay his student loans while maintaining a minimal standard of living for himself. Mr. Myers was unemployed when he filed the complaint in 2008, yet he indicated at the hearing that he is now employed full time as a medical sales representative at a salary of $70,000 per year. Mr. Myers did not provide any evidence of expenses in excess of this salary. He contends, however, that because his sleep disorder causes excessive daytime drowsiness, it prevents him from holding a job for any significant amount of time. Mr. Myers states that as fatigue builds, he finds himself unable to adequately meet job demands after approximately six to eight months in a particular position.

5

Although the court sympathizes with Mr. Myers' condition, he has not shown that it would prevent him from earning a living and making loan payments. Instead, Mr. Myers has had his present job since June 2009 and earns a substantial salary. Mr. Myers holds an undergraduate degree in physical education, a masters degree in health education, was once certified as an athletic trainer, and has also held an insurance license. Before this position, he managed a restaurant, promoted insurance products, sold advertising, and engaged in medical sales for another company. Further, Mr. Myers represented in his discovery responses that he left his first medical sales position for "health *and personal* reasons," and that he left the restaurant that he managed because of a family dispute.[2] (Emphasis added.) It therefore appears that Mr. Myers left at least some of his prior positions for reasons other than his medical condition. In light of these factors and in due recognition of Mr. Myers' substantial present salary, Mr. Myers has failed to show that he cannot maintain a minimal standard of living if he is forced to repay the loans.

Even if the first prong of the Brunner test had been satisfied, Mr. Myers has not established the second element. In fact, the second Brunner prong is often the most difficult of the three prongs to prove. It requires debtors to show that "additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of their student loans." Mosko, 515 F.3d at 323. Courts have described this factor as requiring "'a total incapacity . . . in the future to pay [the debtor's] debts for reasons not within [the debtor's] control.'" Gerhardt, 348 F.3d at 92 (quoting In re Faish, 72 F.3d 298, 307 (3d Cir. 1995)). The Court of Appeals for the Fourth Circuit has observed that the second Brunner prong presents "'a demanding requirement,' . . . and necessitates that a 'certainty of hopelessness' exists that the debtor will not be able to repay

---

[2]Debtor's Responses to Defendant's First Set of Interrogatories at 3-4.

the student loans." Frushour 433 F.3d at 401 (quoting Brightful v. Pa. Higher Educ. Assistance Agency (In re Brightful, 267 F.3d 324, 328 (3rd Cir. 2001). According to the Frushour court, "[o]nly a debtor with rare circumstances will satisfy this factor." Frushour, 433 F.3d at 401.

In the complaint, Mr. Myers asserted that his financial condition and state of unemployment was likely to continue because his medical condition prevents him from maintaining full time employment. As noted above, however, Mr. Myers has since obtained gainful employment and has maintained this status for at least the last eight months. In addition, Mr. Myers admitted at the hearing and through discovery that he is not permanently disabled and that he does not know how long his condition will persist or if it will persist.[3] Moreover, Mr. Myers acknowledged that because he was previously certified as an athletic trainer and licensed to sell insurance, he could conceivably take steps to reinstate either of these qualifications, should he become unemployed again. Finally, Mr. Myers' complaint indicates a desire to start a new business cleaning sports equipment, in which he expects to earn $2,000 to $2,500 per month. Based on Mr. Myers' education and ability to obtain specialized certifications, as well as his plans for a new business, the evidence suggests quite the opposite of a "'certainty of hopelessness' . . . that the debtor will not be able to repay his student loans." Frushour at 401. The court finds that Mr. Myers has not demonstrated that his situation is hopeless and that he will not be able to find steady employment in the future, and thus has not satisfied the second element of the Brunner test.

---

[3]On August 6, 2009, ECMC served a request for admissions on Mr. Myers which included the following requests: "[a]dmit that Plaintiff is not permanently disabled . . . [a]dmit that the Plaintiff is capable of being gainfully employed." In the absence of a timely response from Mr. Myers, the request for admissions was deemed admitted by this court's Order Granting Motion to Deem Requests for Admissions Admitted of October 21, 2009.

7

Mr. Myers has likewise failed to satisfy the third element of the Brunner test. The third Brunner prong requires a debtor to have made good faith efforts to repay the debtor's student loans. One aspect of that inquiry involves review of the debtor's payment history and the debtor's use of loan consolidation options. Frushour, 433 F.3d at 402. ECMC contends, and Mr. Myers does not deny, that Mr. Myers has made 41 payments over a 13-year period, but has been in a state of deferment or forbearance for 9 of those years. According to ECMC, Mr. Myers has never tried to consolidate his loans or take advantage of the income-contingent repayment options for which he is eligible.

Several Circuit Courts of Appeals, including the Court of Appeals for the Fourth Circuit, also include in the third Brunner prong an examination of the debtor's "efforts to obtain employment, maximize income, and minimize expenses." Frushour, 433 F.3d at 402 (quoting O'Hearn v. Educ. Credit Mgmt. Corp., 339 F.3d 559, 564 (7th Cir. 2003)). This component of the third Brunner prong frequently overlaps with the analysis of the second prong, under which the court must determine whether the debtor's state of affairs is likely to persist. See, e.g., In re Gerhardt, 348 F.3d 89, 93 n.3 (5th Cir. 2003). As noted above, the court is not persuaded that Mr. Myers' employment situation is likely to persist into the future, as it appears that he would be able to obtain at least some form of employment, and would be eligible for income-contingent repayment options in times of unemployment or under-employment. The court finds that Mr. Myers has not met his burden of proof of the third element of the Brunner test.

Because Mr. Myers has not met any of the three elements of the Brunner test, he has not shown that not discharging the student loans would cause an "undue hardship." Consequently, the court concludes that the student loans are not excepted from discharge under § 523(a)(8).

Based on the foregoing, ECMC's motion for summary judgment is **GRANTED**. A separate judgment will be entered accordingly.

**SO ORDERED.**

**END OF DOCUMENT**